# Baker *v.* Moore, Appellant.

*Malicious prosecution—Advice of counsel—Charge of court.*

In an action for malicious prosecution where there is evidence that the defendant employed counsel, it is proper for the court to charge that if the defendant consulted counsel in regard to the prosecution, and gave him a full and fair account of the facts in regard to the case, the advice of the attorney is to be considered by the jury in determining the question of probable cause.

*Malicious prosecution—Points—Malice—Probable cause.*

In an action for malicious prosecution where the evidence is such that it is for the jury to determine whether or not there was malice and probable cause, it is error for the court to affirm a point which assumes both malice and probable cause.

In an action for malicious prosecution where it appears that the defendant actually believed that he saw the plaintiff in his house acting as a burglar, the fact that he persisted in this belief and assisted in the prosecution is not of itself sufficient evidence to warrant a jury in finding that the defendant acted maliciously and without probable cause.

The real instigator of a malicious prosecution cannot relieve himself from liability by showing that he was not the prosecutor of record.

*Trial—Evidence—Offer—Striking out testimony—Appeals.*

Where no full offer is required as to testimony, and no request is subsequently made to strike out the testimony, the appellate court cannot convict the trial court of error in regard to the admission of the testimony.

*Malicious prosecution—Evidence—Credibility of witness.*

In an action to recover damages for malicious prosecution for burglary, the defendant under objection and exception was asked this question:

Syllabus—Arguments. [29 Pa. Superior Ct.

"Did you tell anybody after, or shortly after this burglary was committed who the burglar was?" and the answer was "I did." There was evidence that defendant had told others that he did not know who it was. *Held*, that the question was properly admitted as bearing upon the credibility of the witness.

*Malicious prosecution—Malice—Probable cause—Charge—Points.*

In an action for malicious prosecution plaintiff presented this point: "The jury may infer malice from want of probable cause," which was answered: "They may do so; whether they should do so or not depends very much on the particular case they are trying. In some cases they would not be warranted in doing so. In others they might be fully warranted in so doing, so you will take into consideration all the evidence and determine whether or not the defendant was acting maliciously in. the prosecution of this case, if so acting." *Held*, not to be error.

Argued May 16, 1905. Appeal, No. 151, April T., 1905, by defendant, from judgment of C. P. Venango Co., Jan. T., 1902, No. 10, on verdict for plaintiff in case of Harry Baker v. David M. Moore. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass to recover damages for malicious prosecution. Before CRISWELL, P. J.

From the record it appeared that on the night of August 23, 1901, defendant's house was broken into by a burglar whom the defendant identified as the plaintiff. The plaintiff was arrested on a warrant sworn out by the chief of police on information prepared by the city solicitor of Franklin. The plaintiff was held for court. At the trial defendant testified that Baker was the burglar whom he had seen in his house. Ten or twelve witnesses called by Baker testified that the latter was participating in a coon hunt some twelve or thirteen miles from Franklin during the night when the burglary was committed. Baker was acquitted.

Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* (1–9) are set forth at length in the opinion of the Superior Court.

J. H. Osmer, with him A. R. Osmer and N. F. Osmer, for

appellant.—It is error to charge in such a manner as to give the jury a wrong impression of a rule or requirement of law, of a standard by which to determine a question, or of a right, duty, or obligation under the law: Lee v. Newell, 107 Pa. 283; Kissinger v. Thompson, 12 S. & R. 44; Philadelphia & Reading R. R. Co. v. Spearen, 47 Pa. 300.

A jury ought not to be permitted to infer malice from the mere want of probable cause, when, by other circumstances, it is disproved: Madison v. Pennsylvania Railroad Co., 147 Pa. 509; Emerson v. Cochran, 111 Pa. 619.

*William J. Breene,* with him *Jas. S. Carmichael* and *Edmond C. Breene,* for appellee.—The absence of probable cause being shown, malice will ordinarily be inferred unless there be extenuating circumstances, such as that the prosecutor submitted the facts fully to counsel learned in the law, and acted on his advice: Mahaffey v. Byers, 151 Pa. 92.

Malice may be inferred from want of probable cause and particularly in this case where the extenuating circumstances alleged by the defendant are overcome by the plaintiff's evidence: Reed v. Loosemore, 197 Pa. 261.

OPINION BY BEAVER, J., October 17, 1905:

Plaintiff brought his action against the defendant in trespass for malicious prosecution. The case was, in the main, fairly tried. The charge is quite full and, so far as it went, practically correct.

The defendant, who is the appellant, presents several assignments of error which may be best disposed of by considering them seriatim.

1. As to the charge of the court. The part of the charge assigned for error relates to summing up by the court of the facts relating to the plaintiff's case. It was, in the main, fair, and, taken in connection with what followed as to the defense, was not objectionable, except as to one point. In the part of the charge assigned for error the trial judge said: " The plaintiff has further shown you that, after having made these statements (that he did not know who the party charged with the burglary in his house was), Mr. Moore appeared before the

justice of the peace ; was there as a witness and testified ; and,
if you believe the evidence of Mr. McElheny, told him he had
not only put the prosecution onto Mr. Baker, but also told him
that he had his counsel there." This part of the testimony
had been objected to upon the trial and the reception of it is
assigned for error in the eighth assignment. Defendant denied
that Mr. Osmer was his attorney. Whether he was attorney
for Mr. Baker or simply attorney for the prosecution, it seems
to us that the jury should have been told that, if he was at-
torney for the prosecution, the defendant was bound to observe
his directions in the conduct of the hearing and that, if he was
his personal attorney and had consulted him in regard to the
matter and had given him a full and fair account of the facts
in regard to the case, the advice of the attorney was to be con-
sidered by them in determining the question of probable cause.
The part which the attorney played in the case does not seem
to have been considered by the court below, and yet, in either
event, whether attorney for the commonwealth or for the prose-
cutor in the prosecution for burglary against the plaintiff, the
advice of the attorney was, if not conclusive, at least important
in determining the question of malice : 11 P. & L. Dig. of
Dec. 19,415.

2. The second assignment of error relates to the answer of
the court to the plaintiff's seventh point, which was as follows :
" The fact that some other party than Moore made the informa-
tion against Baker is not controlling. It is sufficient that
Moore, acting maliciously and without probable cause, was one
of the originators of the prosecution, and, as such, acting volun-
tarily, accused the plaintiff of the crime charged, consented
to and aided in its prosecution," which was " affirmed." This
point seems to assume both malice and probable cause on the
part of the defendant, whereas it should have been left for the
jury to find them ; or, if affirmed as presented, it should have
been qualified by the court, so as to leave both questions to
the jury. If the point had said, " If the jury believe that
Moore acting maliciously and without probable cause," etc.,
the point would have been in every way proper, but the state-
ment, " It is sufficient that Moore, acting maliciously and
without probable cause," etc., assumes as existing or as ap-
proved all the elements necessary to establish liability of the

defendant to respond in damages.    This was doubtless not intended, but such is its effect.

3. Nor are we satisfied with the affirmation of the defendant's sixth point, the answer to which constitutes the third assignment of error.    It is stated in the point: " If, therefore, the jury find that the defendant, Moore, participated in the prosecution as indicated in the first point hereof, and further, that said Moore was promptly advised of the nature of Baker's defense to the charge of burglary and afforded reasonable ground to investigate such defense and refused or failed to do so, and thereafter persisted in accusing Baker of the crime charged, and consenting to and aiding in his prosecution, then such facts and circumstances would warrant the jury in finding that Moore acted not only maliciously but without probable cause."    This was affirmed.

If it is intended to convey in this point the idea that Moore, being present before the justice and the defendant's counsel, having offered to reveal the defendant's entire defense, was bound to allow that to be done, or to pursue the subject so as to satisfy himself in regard to the matter, we do not think the point should have been affirmed without qualification.    It appears from the testimony upon this subject that the objection to the introduction of the defense of the accused, was made, not by Moore, but by Mr. Osmer, the attorney, who was present conducting the examination on behalf of the commonwealth. If he was the commonwealth's attorney, Moore could not control his conduct of the case.    If he was Moore's attorney, his advice and counsel in the matter were practically sufficient to excuse Moore from doing anything in the premises.

But, in addition to this, if Moore actually believed from the evidence of his senses, that the defendant (the plaintiff here) was the person seen by him in his house, he was not bound to accept the statement of any number of witnesses to the contrary, and even if he subsequently persisted in his belief, and assisted in the prosecution, that of itself was not sufficient evidence which " would warrant the jury in finding that Moore acted not only maliciously but without probable cause."

4. The fourth, fifth and sixth assignments of error all relate to the qualification attached to the answers of the court in affirming defendant's second, third and fifth points, all of which

VOL. xxix—20

were affirmed with the qualification contained in the general charge, " to the effect that he might be liable, although not the actual prosecutor, if he aided, abetted and assisted in the prosecution." To these qualifications we see no objection. A person might, for various reasons, put forward a prosecutor in prosecution for a crime and attempt to hide behind him in case of failure and an attempt to hold him for malicious prosecution, but, if it were shown that he was the real instigator of the prosecution, he would not thereby relieve himself from liability by showing that he was not the prosecutor of record.

5. Nor do we find any error in the answer to the plaintiff's eighth point: " The jury may infer malice from want of probable cause," which was answered : " They may do so ; whether they should do so or not depends very much on the particular case they are trying. In some cases they would not be warranted in doing so. In others they might be fully warranted in so doing, so you will take into consideration all the evidence and determine whether or not the defendant was acting maliciously in the prosecution of this case, if so acting." 11 P. & L. Dig. of Dec. 19,412.

6. As to the eighth assignment of error, if the defendant had required a full offer and what was subsequently shown had been embraced in the offer, we think it would have been properly ruled out; but, inasmuch as there was no offer and no request, after the evidence was in, to strike it out, we do not think the defendant can avail himself now of what came out in the testimony. As before intimated, it seems that Mr. Osmer was the person who objected to the testimony of the defense being introduced, as was entirely proper, in the preliminary hearing before the justice in the criminal charge. It is true that it is said by the witness that Mr. Osmer and the defendant consulted, but that was evidently in regard to the amount of the bail. Inasmuch, however, as there was no regular offer and no request was subsequently made to strike out the testimony, we cannot convict the court of error in regard to its admission.

7. Nor can we find any error in the ninth assignment of error. The question " Did you tell anybody after, or shortly after this burglary was committed, who the burglar was ? " and the answer " I did," in view of the fact that he had told others

that he did not know who it was, would at least be evidence as to the credibility of the witness, if nothing else, and it was, therefore, not improperly admitted.

For the reasons stated, however, regarding the first, second and third assignments of error, we think the case should be re-tried.

Judgment reversed and a new venire awarded.